## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| **GREG AYALA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 4:17-CV-02536** |
| | § | |
| **FOREMOST INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, FOREMOST INSURANCE COMPANY ("Foremost"). Foremost is and was at all times pertinent a Write-Your-Own ("WYO") Program insurance carrier participating in the United States government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] appearing in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] and hereby removes the state court action entitled "*Greg Ayala v. Foremost Insurance Company*", bearing Cause number C-3343-17-C, in the District Court of Hidalgo County, 139th Judicial District, State of Texas, to the United States District Court for the Southern District of Texas, McAllen Division. An index of documents being filed contemporaneously with this Notice of Removal is attached at Exhibit A.  In support of this Notice of Removal, Hartford respectfully represents as follows:

---

[1] 42 U.S.C. § 4001, *et seq*.

[2] *See* 44 C.F.R. § 62.23(f).

[3] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).

**The Parties and Timeliness**

1.      Greg Ayala ("Plaintiff") filed the referenced state court action against Foremost on or about July 24, 2017.  A true and accurate copy of the Plaintiff's Original Petition ("Complaint"), including all documents on file with the state court, are attached and incorporated hereto as Exhibit B, as required by 28 U.S.C. §§ 1446(a) and 1147(b).

2.      In this Complaint, Plaintiff alleges the following:

-       Plaintiff brings this action against Defendant for breach of contract, breach of the duty of good faith and fair dealing and breach of the Texas Insurance Code and Texas Deceptive Trade Practices-Consumer Protection Act in connection with an insurance policy sold by Defendant and Defendant's refusal to adhere to the terms of the policy. (Ex. B, p. 1, § I)

-       A substantial part of the cause of action accrued in and the contract of insurance was executed and performed in Hidalgo County, Texas.  (*Id.*, p. 2, § IV)

-       On March 9, 2015, Defendant issued insurance policy number 87047523582015 naming Plaintiff as the insured and insuring Plaintiff's premises and contents therein located at 508 W 15th Street, Weslaco, Texas, Hidalgo County, Texas against all risks of physical loss to the property. Pursuant to the terms of the policy numbered 87047523582015, Plaintiff has insurance protection up to $250,000.00 on his dwelling for any and each loss resulting from damage to the premises. Plaintiff has insurance protection on his personal property up to $100,000.00 per claim. Plaintiff also attached the insurance policy as Exhibit A to the Complaint.  (*Id.*, § V)

-       On October 22, 2015, Plaintiff's house was flooded by heavy rain causing the area wherein the Plaintiff's property is located to flood. The building and contents insured by the Defendant pursuant to the insurance contract sustained damage as the result of the heavy rain. The reasonable cost of repairing and replacing the damaged property is over $75,000.00. The flooding caused problems with the foundation and cracks to develop in the walls of the home. The damage has rendered the home irreparable and untenable.  (*Id.*)

-       Plaintiff timely made claims for damages to the home beginning in July 2016, and the claims for water damage are covered perils under the policy of insurance, and the policy of insurance was at all times in full force and effect.  Despite Plaintiff's full performance of all conditions precedent to recovery under the policy, Defendant has allegedly wholly failed and refused to pay Plaintiff in accordance with its contract obligation, and Defendant has allegedly failed to perform a full scale investigation of the claim and determine the scope of the water damage on the insured premises.  (*Id.*, p. 3)

-       Although Plaintiff performed all conditions precedent to the Defendant's obligation to pay the Plaintiff's losses under the policy of insurance, Defendant has failed and refused to pay Plaintiff's claims in accord with the insurance policy. (*Id.*)

-       As a result of Defendant's failure and refusal to pay Plaintiff's insurance claim, Plaintiff alleges a direct cause of action against Defendant under various provisions of the Texas Insurance Code and the Texas Deceptive Trade Practices-Consumer Protection Act. (*Id.*, §§ VI(A) & (E))

-       Plaintiff also alleges that by virtue of the insurer/insured relationship that was created by the contract of insurance into which the Plaintiff and Defendant entered, Plaintiff is entitled to a direct claim against Defendant pursuant to the terms of the policy, and that this special relationship imposed duties upon Defendant to act in good faith and to deal fairly with Plaintiff. Plaintiff further alleges that these duties were prescribed in the contract when it was consummated, however, Defendant failed and refused without good cause to properly investigate Plaintiff's claims and pay damages as the policy required. As a direct result of Defendant's breach of good faith and fair dealing, Plaintiff sustained damages, is entitled to recover damages, and is entitled to recover exemplary damages as well.  (*Id.*, § VI (B))

-       Plaintiff alleges the Defendant violated the Texas Insurance Code when it failed to timely notify Plaintiff's whether it is accepting or rejecting the Plaintiff's claims or notify Plaintiff that they need more time to decide whether to accept or reject the claims. As a result, Plaintiff claims damages in addition to 18% of the amount of the claims until the day before the judgment for Plaintiff is signed.  (*Id.*, § VI (C))

-       Plaintiff further alleges that Defendant is liable for breach of the insurance contract, and that as a result of the breach, Plaintiff has suffered actual damages and attorney's fees. (*Id.*, § VI (D))

3.       The flood policy referenced is a Standard Flood Insurance Policy ("SFIP") Dwelling Property Form codified and found at 44 C.F.R. Pt. 61 (A)(1), a copy of which is attached as Exhibit C.

4.       Defendant Foremost was served with the state court Citation and Plaintiff's Complaint on or about July 25, 2017.  (Ex. B, pp. 17-29) Thirty days have not elapsed since Defendant first received the Complaint through service of process or otherwise, and removal is timely under 28 U.S.C. §§ 1441 and 1446.

**Jurisdiction and Venue**

5.      Plaintiff avers that Defendant Foremost breached its contract of insurance by allegedly failing to adequately pay for flood damages to the subject property owed to the insured pursuant to the SFIP.  (Ex. B, pp. 1-7, ¶¶ I-VI, VIII)

6.      Defendant Foremost participates in and issues SFIPs under the NFIP Write-Your-Own Program.  The NFIP is a federal program created pursuant to the NFIA, 42 U.S.C. § 4001, *et seq.*

7.      The payments that Plaintiff seeks in this lawsuit constitute a direct charge on the public treasury, and would be binding upon the federal government.  *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 300 (4th Cir. 2002); 44 C.F.R. § 62.23(f); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).

8.      According to the Complaint, the subject property is located at 508 W 15th Street, Weslaco, Texas, which is within the jurisdiction of the United States District Court for the Southern District of Texas, McAllen Division.  Therefore, this Court is the proper Court for removal of this action pursuant to 42 U.S.C. § 4072 and 44 C.F.R. Part 61, App. A(1), Article VII(R).

9.      As a result of the foregoing, this Court has original exclusive jurisdiction over this matter pursuant to 42 U.S.C. § 4072 and 44 C.F.R. Part 61, App. A(1), Article VII(R), which vests in the United States District Court for the district in which the insured property is located with original exclusive subject-matter jurisdiction, without regard to the amount in controversy, over cases arising out of a disputed flood insurance claim under the NFIP.  *See* 42 U.S.C. §4072; (Ex. B); *and Jamal v. Travelers Lloyds of Tex. Ins. Co*., 97 F.Supp.2d 800 (S.D.Tex. 2000)

10.     Foremost contends that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the NFIA.  As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, *et seq*.), and federal common law."  44 C.F.R. Pt. 61, App. A(1), Article IX; (Ex. C).  Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. §1331. *See. Constr. Funding, L.L.C. v. Fidelity Nat. Indem. Ins. Co.*, 636 F.App'x 207, 209 (5th Cir. 2016); *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015); *Woodson v. Allstate,* 855 F.3d 628, 631 (4th Cir. 2017); *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F.Supp.2d 800, 805 (S.D. Tex. 2000); *Battle,* 288 F.3d at 609.

11.     As a separate basis for federal jurisdiction, removal of this case is also proper under 28 U.S.C. § 1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating interstate commerce.  Under the NFIA, 42 U.S.C. § 4001, *et seq*., Congress is regulating commerce by promulgating this complex and comprehensive statutory scheme known as the National Flood Insurance Program.  *See C.E.R. 1988, Inc. v. Aetna Cas. & Surety Co.*, 386 F.3d 263, 267 n.3 (3rd Cir. 2004).  Under § 1337, removal is proper where the facts alleged in the Plaintiff's petition bring into play an act of Congress that regulates commerce, regardless of whether any reference to the said act appears in the Plaintiff's pleading.  *Uncle Ben's Int'l Div. of Uncle Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft,* 855 F.2d 215, 216-17 (5th Cir. 1988); *Crispin Co. v. Lykes Bros. Steamship Co.*, 134 F.Supp.704, 706 (S.D.Tex. 1955); *Puerto Rico v. Sea-Land Serv. Inc.*, 349 F.Supp.964, 973-74 (D.P.R. 1970).

12.     Lastly, to the extent that any of the claims of the Plaintiff are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. § 1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367.; *see also Exxon Mobile Corp. v. Allapattah Serv., Inc.*, 125 S.Ct. 2611, 2620 (2005).

13.     Promptly after filing this Notice of Removal, written notice hereof will be given to Plaintiff through his Counsel of Record and will be filed with the Clerk of Court for the District Court of Hidalgo County, 139th Judicial District, State of Texas, in conformity with 28 U.S.C. §1446(d).

WHEREFORE, Defendant, Foremost Insurance Company, prays that this Notice of Removal be accepted as good and sufficient and that the aforementioned action, bearing Cause number C-3343-17-C, in the District Court of Hidalgo County, 139th Judicial District, State of Texas, be removed to the United States District Court for the Southern District of Texas, McAllen Division for further proceedings as provided by law.

Dated: August 17, 2017            **BAKER & HOSTETLER, LLP**

By: */s/ Bradley K. Jones*
    Douglas D. D'Arche
    State Bar No. 00793582
    Bradley K. Jones
    State Bar No. 24060041
    811 Main St., Suite 1100
    Houston, Texas 77002
    Telephone: (713) 751-1600
    Facsimile: (713) 751-1717
    E-mail: ddarche@bakerlaw.com
    bkjones@bakerlaw.com

AND

**NIELSEN, CARTER & TREAS, LLC**

By: */s/ Keith M. Detweiler*
    Keith M. Detweiler
    USDC SDTX #968480
    TX State Bar #24052089
    LA State Bar #20784
    3838 N. Causeway Blvd., Suite 2850
    Metairie, LA 70002
    P: 504-837-2500
    F: 504-832-9165
    Email: kdetweiler@nct-law.com

**COUNSEL FOR DEFENDANT, FOREMOST INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 17th day of August, 2017, a copy of the foregoing was served upon all counsel of record via registered email and certified mail, return receipt requested.

**LAW OFFER OF REYNOLDS ORTIZ, LP**
Reynaldo Ortiz
1305 East Nolana Loop, Suite F
McAllen, Texas 78504
Email: rey@leydeortiz.com
**Counsel for Plaintiff**

*/s/ Bradley K. Jones*
Bradley K. Jones